UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

THEODORE R. ANDERSON, )
)
      Plaintiff, )
v. ) Case No. 1:06cv00002
)
JEFFREY R. DOBSON, et al. )
)
      Defendants. )
)

**MOTION FOR PROTECTIVE ORDER**

    Plaintiff Theodore R. Anderson ("Plaintiff" or "Anderson"), and Third-Party Defendant Haleakala Research & Development, Inc. ("Haleakala"), by counsel, hereby move this Honorable Court for a protective order, pursuant to Fed R. Civ. P. Rule 26(c), with respect to depositions of four individuals who are not parties to this action: Richard B. Weinstein, Richard Nadolink, Igor Alexeff and Russell Yelton (collectively, the "Deponents"). These depositions have been noticed by counsel for Defendants in this case on inadequate notice, without determining the availability of the witnesses or opposing counsel, without properly serving the witnesses, and in apparent violation of this Court's order of June 13, 2006. Counsel for Anderson and Haleakala certify that they have attempted to resolve the issues presented by this motion with opposing counsel, but have been unable to do so.

Depositions of the parties in this case, and of one third-party witness, were conducted during August 8-11, 2006. Shortly thereafter, Anderson and Haleakala filed a motion for summary judgment which is now fully briefed and pending before the Court. Defendants filed their response to the motion for summary judgment and did not indicate any further discovery was necessary. Moreover, Defendants have made no effort, in the more than three months since the last depositions in this case, to schedule further depositions.

At 8:41 p.m. on Sunday, November 19, 2006 (the Sunday before the Thanksgiving Holiday), counsel for Defendants sent an e-mail to counsel for Anderson and Haleakala, forwarding notices of deposition and for the first time notifying counsel for Anderson and Haleakala that Defendants were unilaterally noticing depositions of the Deponents for four different cities in three different states for November 27-29, 2006, the Monday, Tuesday and Wednesday after Thanksgiving. Prior to issuing the deposition notices, no attempt was made to contact counsel for Anderson and Haleakala to coordinate dates or determine availability, nor, on information and belief, was any such attempt made to contact the Deponents.

On June 13, 2006, the Court issued a Pretrial Order and Case Management Plan, which provides for a discovery cutoff of November 30, 2006. Paragraph G of that Order states:

2

> Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order.

Fed. R. Civ. P. Rule 45 requires that a subpoena provide reasonable time for compliance. Fed. R. Civ. P. Rule 30 requires reasonable notice of a deposition. Although the term "reasonable notice" is not defined in Rule 30, Rule 32(a)(3) provides some parameters, stating that a deposition may not be used at trial if opposing counsel has received less than 11 days notice of the deposition, and has promptly upon receiving notice filed a motion for protective order under Rule 26(c)(2). Certainly 7 days' notice during a holiday week for depositions which would require counsel to travel out-of-state on the Sunday after Thanksgiving – the busiest travel day of the year -- is not reasonable notice.

Further, as of the filing of this motion, on information and belief, the Deponents have not been properly served with subpoenas for the depositions. Counsel for Anderson and Haleakala is aware of e-mails sent on November 19, 2006 to two of the Deponents by Defendants' counsel stating that they are serving the Deponents by e-mail and by certified mail, neither being adequate under the Federal Rules[1].

---

[1] In addition, one of the subpoenas appears to have been issued by the United States District Court for the District of Rhode Island, for a deposition to occur in Maryland.

Fed. R. Civ. P. 45(b) requires service of a subpoena by a person who "is not a party and is not less than 18 years of age." It further states "service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." Rule 45(b)(3) requires that proof of service be filed with the clerk when necessary, which necessarily means there must be an affidavit by the person serving the subpoena that he is of the proper age and the subpoena was personally delivered. Although the Fourth Circuit has not ruled on this issue, the majority of federal courts addressing this issue have ruled that service of a deposition subpoena by certified mail is not adequate under Rule 45. See, e.g., <u>McClendon v. TelOhio Credit Union, Inc.</u>, 2006 U.S. Dist. LEXIS 57222 (S.D. Ohio 2006) (attached hereto as Exhibit 1). (Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail); <u>In re Smith</u>, 126 F.R.D. 461, 462 (E.D.N.Y.,1989), citing Moore's Federal Practice ¶ 45.06[1], at 45-49; Federal Practice and Procedure, Wright & Miller, § 2461, at 447 (Rule 45 requires a subpoena to be served by personally delivering a copy to the person named therein. There is no provision for alternative means of service); <u>Tidwell-Williams v. N.W. Ga. Health Sys.</u>, 1998 U.>S. Dist. LEXIS 23134, (N.D. Ga. 1998) (attached hereto as Exhibit 2) (mailed or faxed subpoena is not sufficient); <u>James v. McKenna,</u> 2003 U.S. Dist. LEXIS 13982 (E.D. La. 2003)

4

(attached hereto as Exhibit 3)(there is no provision for service of a subpoena on a non-party by certified mail); <u>Terre Haute Warehousing Serv., Inc. v. Grinnell Fire Protection Sys. Co.</u>, 193 F.R.D. 561, 563 (S.D.Ind.1999) (certified mail is insufficient method of service of subpoena).

For the reasons stated above, Anderson and Haleakala respectfully request that the Court issue a protective order prohibiting the noticing of depositions of the Deponents, or the noticing of any further depositions in this case, and providing such further relief as may be required.

Respectfully Submitted,

THEODORE R. ANDERSON
HALEAKALA RESEARCH & DEVELOPMENT, INC.
By Counsel

<u>s/ Albert L. Sneed, Jr.</u>
Albert L. Sneed, Jr.
NC Bar Number 5842
Van Winkle, Buck, Wall, Starnes
and Davis, P.A.
11 North Market Street
P.O. Box 7376
Asheville, NC 28802-7376
Phone: 828-258-2991
Fax: 828-255-0255
E-mail: asneed@vwlawfirm.com

Sharon L. Babbin, Esquire
Virginia Bar No. 17120
Jed L. Babbin, Esquire
D.C. Bar No. 937920
12855 Taylors Valley Lane
Lovettsville, Virginia 20180

5

Phone: 540-822-3096
Fax: 540-822-3098
E-mail: slbabbin@aol.com

Counsel for Theodore R. Anderson and Haleakala Research & Development, Inc.

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2006, I electronically filed the foregoing Motion for Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mark C. Kurdys, Esq.
    e-Mail: mkurdys@roberts-stevens.com

    James W. Williams, Esq.
    e-Mail: jwilliams@roberts-stevens.com

    Jed L. Babbin, Esq.
    e-Mail: jedbabbin@aol.com

    Sharon L. Babbin, Esq.
    e-Mail: slbabbin@aol.com

This the 21st day of November, 2006.

    /s Albert L. Sneed, Jr.
    ALBERT L. SNEED, JR.