IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv2

| | |
|---|---|
| THEODORE R. ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> JEFFREY R. DOBSON; GERALD W. ) <br> SODERQUIST; ROBERT W. ) <br> MIDDLETON; and ARTHUR D. ) <br> ACKERMAN, ) <br> ) <br> Defendants/Third-Party ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> HALEAKALA RESEARCH AND ) <br> DEVELOPMENT, INC., ) <br> ) <br> Third-Party Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on defendants'/third-party plaintiffs' "Second Motion to Extend Discovery Deadline"(#82),[1] plaintiff's Motion for Stay (#83), and plaintiff's Motion for Protective Order (#84).

As a basis for all such motions, the parties apparently take issue with this court's failure to issue a memorandum and recommendation on plaintiff's Motion for Partial Summary Judgment on three of the claims in his Complaint and on defendants'

---

[1] This is actually defendant' *first* Motion to Extend discovery Deadlines, with the "First Motion for Extension of Time to Complete Discovery" (#58) having been a mis-docketing by defendants' of a motion to extend time to respond to discovery requests, as noted by the Clerk of this Court. (#60)

-1-

Counterclaim in its entirety. Defendants state that

> Counsel for the defendants reasonably anticipated that the outcome of those pending motions could impact the scope of discovery required for trial preparation and the manner in which such discovery would be completed with respect to proprietary information and documents.

Defendant's Second Motion, at ¶ 7. The Motion for Partial Summary Judgment did not become ripe until October 3, 2006, when plaintiff filed his Reply. Based on such assumption, defendant has requested the following relief:

> a. That the discovery deadline in this matter be extended to February 7, 2007, in order to allow the depositions to be completed at a date, time and place agreeable to the witnesses, their counsel and counsel for the parties, after a reasonable time for objections to such depositions to be presented and considered by the Court;
> b. That, in the interim, the Court grant the defendants' second motion for entry of a protective order;
> c. That, in the interim, the Court deny the plaintiff's motion for partial summary judgment;
> d. That the subpoenas issued to witnesses Yelton, Weinstein, Nadolink and Alexeff be converted to subpoenas for production of documents, only, on the dates specified for deposition;
> e. That any objections to the subpoenas or the production of the specified documents be served on or before November 27, 2006;
> f. That any objections to the taking of the proposed depositions or motions to limit the depositions in any fashion be served on or before November 27, 2006.
> g. That the Court enter an order for such other relief as the Court deems appropriate.

Id., at unnumbered pages 5-6.

Subsequent to the filing of that motion, plaintiff filed a Motion for Stay (#83) of depositions pending the court's disposition of plaintiff's Motion for Protective Order (#84). Such motions were filed six days before the depositions where supposedly scheduled to commence. In the Motion to Stay, plaintiff therein argues that

> Defendants filed their response to the motion for [partial] summary judgment and did not indicate any further discovery was necessary. Moreover, Defendants have made no effort, in the more than three months since the last depositions in this case, to schedule further depositions.
>
> At 8:41 p.m. on Sunday, November 19, 2006 (the Sunday before the Thanksgiving Holiday), counsel for Defendants sent an e-mail to counsel for Anderson and Haleakala, forwarding notices of deposition and for the first time notifying counsel for Anderson and Haleakala that Defendants were unilaterally noticing depositions of the deponents [officers of plaintiff] for four different cities in three different states for November 27-29, 2006, the Monday, Tuesday and Wednesday after thanksgiving. Prior to issuing the deposition notices, no attempt was made to contact counsel for Anderson and Haleakala to coordinate dates or determine availability . . . .

Motion for Stay, at 2. Also pending is defendants' Second Motion for Protective Order (#80), which seeks to relitigate an issue that was resolved by this court's Order of July 24, 2006.

This court accommodated the first motion for expedited hearing as to discovery disputes, conducted an expedited hearing, and entered an Order with extensive findings and conclusions. (#67) Prior to that, the district court held a hearing on plaintiff's Motion for Preliminary Injunction, and entered an Order denying in part and granting in part such motion (#44), and denying the plaintiff's Motion to Dismiss. Id.

The court in the Asheville and Bryson City Divisions is not, however, disposed to consider or grant expedited consideration to motions for *partial* summary judgment that are filed in the midst of discovery and months before the summary judgment deadline. In this case, the district court entered the Pretrial Order setting January 1, 2007, as the dispositive motions deadline, with trial set to commence on

or after May 7, 2007. Because all the parties did not consent under Section 636(c), the district court set such an extensive intervening period to allow briefing of dispositive motions, the formulation of a Memorandum and Recommendation, and some time for the district court to conduct its review and issue its final decision before trial. As its basis for relief, defendants state that they anticipated that the court would dispose of the plaintiff's Motion for Partial Summary Judgment in time to narrow the relevant discovery and that such reliance was reasonable. By the time the motion ripened for consideration by the undersigned on October 3, 2006, 58 days of discovery remained in which defendants expected that

(1) this court would read, consider, and digest the voluminous material submitted in support, opposition, and reply to the plaintiff's Motion for Partial Summary Judgment on certain claims in the Complaint and the Counterclaim in its entirety;

(2) the undersigned would write an issue an extensive Memorandum and Recommendation;

(3) the parties would file their Objections within 14 days of issuance of the Memorandum and Recommendation; and

(4) that the district court would consider those objections and all the underlying material and issue its own final decision.

When that process was completed, defendants also apparently believed that out of those 58 days they would be left with sufficient time within which to conduct any additional discovery that was warranted based on the claims that remained.

Rules 56(a) &(b), Federal Rules of Civil Procedure, allow for the filing of a motion for summary judgment upon "all or any part thereof" of any claim, Fed.R.Civ.P. 56(a); however, this court simply does not always have the time or resources to address motions for *partial* summary judgment that are filed in the middle of discovery, especially where, as here, that discovery is the subject of bitter motions. In addition, the court has found motions for *partial* summary judgment beget other motions for *partial* summary judgment, and that those *partial* motions are frequently followed up by final motions for summary judgment filed on the dispositive motions deadline. At this point in time, the parties can reasonably expect that their summary judgment motions will not only be disposed of before trial in the Asheville and Bryson City Divisions, but that they will be disposed of in time to meaningfully prepare for trial. While it is certainly possible that a motion for *partial* summary judgment could be disposed of before the conclusion of discovery, it is not reasonable to expect that it will be. In Asheville, the court's resources are most limited, with most of those resources being devoted to the crunch period between the dispositive motions deadline and trial. Indeed, the joint Certificate of Initial Attorneys Conference signed by respective counsel in this case contemplated as much by suggesting that their own deadlines for filing witness and exhibit lists for trial be 15 and 30 days from "ruling on dispositive motions." CIAC, at 2 (#46). Defendants' reliance on both the undersigned and the district court somehow dropping all the other cases criminal and civil cases and dispositive motions that were in their "crunch period" in favor of a case that was still in discovery and ruling on plaintiff's Motion

for Partial Summary Judgment was simply unreasonable and unrealistic. Further, such reliance was unreasonable inasmuch as had the court been able to somehow reach and dispose of plaintiff's dispositive motion within that time, the pendency of such a motion is no guarantee that the claims which may make such discovery relevant would be dismissed. Put another way, while it is clear from the pleadings that all parties felt an early decision would be beneficial, it simply is not practical for the court to gear up mid-discovery for a *partial* motion for summary judgment, when in all likelihood it would need to gear up for another dispositive motion at the close of discovery. In the past fiscal year, the district court and the undersigned disposed of approximately 600 cases, which required docket management techniques which are not designed to provide the parties with interlocutory dispositive orders. This avoids eating up the limited time the parties have to complete discovery, and reserves to the court time before joinder of the issues and after discovery is complete to consider and dispose of dispositive issues. Defendants' Motion to Extend the Discovery Deadline will be denied inasmuch as defendants' delay in issuing subpoenas in this matter was not reasonable.

Turning next to the subpoenas defendants issued to four non-parties on November 17, 2006, for depositions on November 27- 29, 2006, in four different cities in three different states, such subpoenas simply do not provide reasonable time for the witnesses to prepare. Albeit the Rule may be read to allow for a shorter period, the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions.

See Fed.R.Civ.P. 45(c)(2)(B). Further, defendants apparently set such depositions unilaterally, without consulting opposing counsel. This is unacceptable under not only the Federal Rules and under the district court's Pretrial Order, but it is also unacceptable as a matter of common courtesy. Plaintiff's Motion for Protective Order will be granted, the subpoenas will be quashed, and the plaintiff's Motion to Stay will be denied as moot.

The court has also considered defendants' Motion for Protective Order (#80), which apparently invites the court to revisit its Order of July 24, 2006. The court has considered plaintiff's response thereto and agrees that defendants are simply attempting to relitigate issues that were clearly put to bed by this court's earlier Order. The defendants' Motion for Protective Order (#80) will be denied.

The court has considered plaintiff's Motion for Expedited Determination on Motion for Partial Summary Judgment (#78). For the reasons discussed above, such motion will be denied.

Finally, and in consultation with the district court, the court will amend the Pretrial Order to include two items:

(1) mediation will be required and certification thereof shall be filed by January 1, 2007; and

(2) an enlargement of discovery will be allowed up to and inclusive of January 1, 2007, for the limited purpose of properly issuing subpoenas and noticing the depositions of Messrs. Igor Alexeff, Richard Weinstein, Richard Nadolink, and Russell Yelton, none

of which shall occur on a date less than 14 days from service of such subpoenas or on a date on which all counsel do not concur. In the event the parties cannot concur, the dates shall be December 19, 2006, through December 22, 2006, with the depositions being taken one per day in alphabetical order of the deponents's surnames, in their respective towns of residence, beginning at 9 a.m. and ending not later than 5 p.m.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendants' Second Motion to Extend Discovery Deadline(#82)is **DENIED**;

(2) plaintiff's Motion for Stay (#83) is **DENIED** as **MOOT**;

(3) plaintiff's Motion for Protective Order (#84) is **GRANTED**, the subject subpoenas are **QUASHED**, and the depositions are **CANCELLED**;

(4) defendants' Motion for Protective Order (#80) is **DENIED** as **MOOT**;

(5) plaintiff's Motion for Expedited Determination on Motion for Partial Summary Judgment (#78) is **DENIED,** and the plaintiff's Motion for Partial Summary Judgment will be considered along with any other timely filed dispositive motion on or after January 1, 2007; and

(6) the Pretrial Order is hereby **AMENDED** as follows:

 (a) mediation **IS** required and certification thereof shall be

filed by January 1, 2007; and

(b) discovery is **ENLARGED** up to and inclusive of January 1, 2007, for the limited purpose of defendants properly issuing subpoenas and noticing the depositions of Messrs. Igor Alexeff, Richard Weinstein, Richard Nadolink, and Russell Yelton, none of which shall occur on a date less than 14 days from service of such subpoenas or on a date on which all counsel do not concur. In the event the parties cannot concur, the dates shall be December 19, 2006, through December 22, 2006, with the depositions being taken one-per-day in alphabetical order of the deponents's surnames, in their respective towns of residence, and beginning at 9 a.m. and ending not later than 5 p.m.

Signed: November 21, 2006

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge