**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:06CV2**

| | |
|---|---|
| THEODORE R. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| JEFFREY R. DOBSON; GERALD W. SODERQUIST; ROBERT W. MIDDLETON; and ARTHUR D. ACKERMAN, | ) ) ) ) |
| | ) |
| Defendants and Third-Party Plaintiffs, | ) ) |
| | ) |
| Vs. | ) |
| | ) |
| HALEAKALA RESEARCH AND DEVELOPMENT, INC., | ) ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendants' supplemental

motion for summary judgment as to Count III of the complaint and

Plaintiff's motion for partial summary judgment as to Count III of the

complaint and motion for attorney fees.

On August 24, 2007, the Court entered a Declaratory Judgment and Permanent Injunction in this action. **Declaratory Judgment and Permanent Injunction, filed August 24, 2007.** The Court also determined that the only remaining claim was Count III of the complaint alleging Defendants had committed unfair and deceptive trade practices. *See* **Memorandum and Order, filed August 24, 2007, at 36-37.** The Court then provided the parties with an opportunity to address this issue. *Id*. **at 37.**

Defendants filed their motion for summary judgment as to Count III of the complaint on September 7, 2007, and appended three cases for the Court's consideration. **Defendants' Supplemental Motion for Summary Judgment and Memorandum, filed September 7, 2007;** *see also,* **Plaintiff's Opposition to Defendants' Supplemental Motion for Summary Judgment, filed September 14, 2007 (incorporating prior brief in support of summary judgment) .** Although Plaintiff complied with the Court's directive that the responses be limited to 10 double-spaced pages, he attached to his motion for summary judgment some 114 pages of supporting exhibits <u>and</u> filed a motion for attorney fees which included some 26 pages of supporting exhibits. **See Plaintiff's Motion and Brief**

**for Partial Summary Judgment, filed September 7, 2007, and Exhibits 1 through 9 appended thereto; Plaintiff's Motion and Brief for Attorneys' Fees and Expenses, filed September 7, 2007, and Exhibits 1 through 6 appended thereto.** Defendants responded to both Plaintiff's motions and Plaintiff then filed a reply brief consisting of 19 pages and 21 pages of attached exhibits. **Defendants' Response and Opposition to Plaintiff's Motion for Partial Summary Judgment and Memorandum, filed September 21, 2007; Defendants' Response and Opposition to Plaintiff's Motion for Attorney Fees and Memorandum, filed September 19, 2007; Plaintiff's Reply in Support of Motion for Partial Summary Judgment, filed October 1, 2007.**

The matter having been thoroughly briefed and no other responses having been proffered or filed, the issues are now ripe for disposition.

The Plaintiff alleges in Count III of the complaint that "Defendants committed unfair and deceptive trade practices by (1) issuing shares of stock in the company to themselves; (2) engaging in acts which breached their fiduciary duties; (3) misrepresented the stock ownership of the company; (4) issued false minutes of the board of directors of SmartBand; and (5) created false records of actions and stockholdings of SmartBand."

**Memorandum and Order,** *supra*, **at 36.**

The Court has found as a matter of law that "Defendants invalidly issued shares of stock in the company to themselves; failed to create a written instrument as evidence of the issuance of additional shares which supposedly removed the Plaintiff as majority shareholder of SmartBand; prepared corporate minutes of the August 17, 2005, meeting at which those shares were purportedly issued; created alleged stock certificates after the Plaintiff issued the Anderson Resolutions; failed to maintain a stock ledger to record who the shareholders of SmartBand were; backdated shares of stock; wrote e-mails which "reflect Defendants' attempt to conjure an official issuing date for the alleged issued shares of stock out of thin air;" acted as *de facto* officers and directors with a fiduciary duty when they refused to relinquish control of the corporation but did not breach that fiduciary duty; and that the Plaintiff's conspiracy theories did not rebut the presumption that in so acting the Defendants acted in good faith."  **Id.**

The Court also determined that Defendants were entitled to the benefit of the business judgment rule which is "'a presumption that in making a business decision, the directors of a corporation acted on an

informed basis [*i.e.*, with due care], in good faith and in honest belief that the action taken was in the best interest of the company.'" ***Id.* at 27 (quoting *Citron v. Fairchild Camera and Instrument Corp.*, 569 A.2d 53, 64 (Del. 1989) (citing *Allaun v. Consolidated Oil Co.*, 147 A.2d 257, 261 (Del. Ch. 1929)).** To prove a breach of fiduciary duties, a proponent of such a claim is required to rebut this presumption by introducing evidence of self-interest or failure to exercise due care. **Memorandum and Order, *supra*.** The Court has determined that a fiduciary duty was imposed on the Defendants as *de facto* officers of the corporation, but this duty was not breached inasmuch as Defendants never issued stock in the manner they attempted after the Anderson Resolutions. ***Id*.** This finding, however, did not determine whether or not Defendants had committed an unfair and deceptive trade practice.

"The determination as to whether an act is unfair or deceptive is a question of law for the court." ***Dalton v. Camp*, 353 N.C. 647, 656 (2001) (citing *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000)); *Business Cabling, Inc. v. Yokeley*, ___ N.C. App. ___, 643 S.E.2d 63, *review denied*, 361 N.C. 567, 650 S.E.2d 599 (2007).**

>Our Supreme Court has stated: Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace. A practice is unfair when it *offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.*
>
>In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair and deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive. The determination as to whether an act is unfair or deceptive is a question of law for the court. . . . Moreover, *some type of egregious or aggravating circumstances must be alleged and proved before the [Act's] provisions may [take effect].*

**Business Cabling, 650 S.E.2d at 68 (quoting Dalton, supra, at 647, 656-57, 548 S.E.2d at 711).**

The Defendants' actions giving rise to this litigation were previously described in detail in the Court's Memorandum and Order. While not a model of business conduct, these actions do not, as a matter of law, rise to the level of being "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" as required by North Carolina law. **Dalton, supra; Pierce v. Reichard, 163 N.C. App. 294, 593 S.E.2d 787 (2004); Market America, Inc. v. Christman-Orth, 135 N.C. App. 143, 520 S.E.2d 570 (1999); Canady v. Crestar Mortgage Corp., 109 F.3d 969 (4th**

**Cir. 1997)*; Allied Distrib., Inc. v. Latrobe Brewing Co.*, 847 F. Supp.**

**376 (E.D.N.C. 1993); *Winston Realty Co., Inc. v. G.H.G., Inc.,* 314 N.C.**

**90, 331 S.E.2d 677 (1985); *Marshall v. Miller*, 302 N.C. 539, 276 S.E.2d**

**397, 403 (1981).**

The Court also concludes that Plaintiff's complaint fails to state a

claim for relief under N.C. Gen. Stat. § 75-1.1, which reads in pertinent

part:

> (a) Unfair methods of competition in or affecting commerce,
> and unfair or deceptive acts or practices in or affecting
> commerce, are declared unlawful.
> (b) For purposes of this section, "commerce" includes all
> business activities, however denominated, but does not include
> professional services rendered by a member of a learned
> profession.

**N.C. Gen. Stat. § 75-1.1(a) and (b).**  To succeed on his claim under this

statute, Plaintiff must prove (1) an unfair or deceptive act or practice, (2) in

or affecting commerce, (3) which proximately causes injury to the claimant.

***Rawls & Assoc. v. Hurst,* 144 N.C. App. 286, 293, 550 S.E.2d 219, 224**

**(2001); *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App.**

**650, 664, 464 S.E.2d 47, 58 (1995).**

> The primary purpose of [§ 75-1.1] is to provide a private cause
> of action for consumers.  Although commerce is defined
> broadly under [§ 75-1.1] as "all business activities, however
> denominated," the fundamental purpose of [§ 75-1.1] is to

> protect the consuming public.  Typically, claims under [§ 75-1.1] involve buyer and seller.

***Durling v. King*, 146 N.C. App. 483, 488, 554 S.E.2d 1, 4 (2001) (internal quotations and citations omitted).**  Although the reach of the statute has been extended to business relationships when appropriate, it is "'clearly intended to benefit consumers.'" ***Id.* (citing *HAJMM Co. v. House of Raeford Farms*, 328 N.C. 578, 403 S.E.2d 483 (1991)).**  "We have never viewed [§ 75-1.1] as being so broad as to cover every form of business activity."  ***Chesapeake Microfilm, Inc. v. Eastern Microfilm Sales*, 91 N.C. App. 539, 544, 372 S.E.2d 901, 904 (1988); *Hageman v. Twin City Chrysler-Plymouth, Inc.*, 681 F. Supp. 303 (M.D.N.C. 1988).**

The acts complained of by the Plaintiff relate to internal corporate relationships and disputes between the private parties.  They concern the question of disputed corporate control, the validity of corporate stock, *etc*.; the consuming public was not involved.  There was no buyer-seller commercial market or public stock market of any kind involved.  The provisions of § 75-1.1 simply do not apply to this litigation.  ***McPhail v. Wilson*, 733 F. Supp. 1011, 1014 (W.D.N.C. 1990).**

For the reasons set forth above as well as those explained in the Court's Declaratory Judgment and Permanent Injunction and Memorandum and Order filed herein,

**IT IS, THEREFORE, ORDERED** that the Defendants' supplemental motion for summary judgment as to Count III of the complaint is **ALLOWED**, the Plaintiff's motion for partial summary judgment is **DENIED**, and Count III of the complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees and expenses is hereby **DENIED**.

Signed: November 13, 2007

Lacy H. Thornburg
United States District Judge